UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRYON D HALL,<br>Plaintiff,<br>v.<br>SKAMANIA COUNTY SHERIFF'S OFFICE, ET AL,<br>Defendants. | Case No. 3:26-cv-05468-DGE<br>REPORT AND RECOMMENDATION<br>NOTING FOR: AUGUST 19, 2026 |

Plaintiff applied to proceed *in forma pauperis* (IFP) in this matter. (Dkt. 1). On May 28, 2026, the Court issued an order to show cause (OSC) after reviewing plaintiff's first IFP application because it appeared he had sufficient funds to pay the $405.00 filing fee. Dkt. 4. The OSC was returned as undeliverable. Dkt. 5. The Court then issued an order on June 23, 2026 directing the plaintiff to notify the Court of his current mailing address by July 22, 2026 and alerted plaintiff that if he fails to do so, the Court may dismiss the action without prejudice for failure to prosecute. Dkt. 6.

Plaintiff has neither explained why he does not have sufficient funds, nor paid the $405 filing fee, nor updated his address.

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v.*

*Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him [or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted). Furthermore, under the Western District of Washington's local rules, a party proceeding pro se shall keep the Court and opposing parties advised as to their current mailing address. Local Civil Rule 41(b)(2).

After careful consideration the Court recommends plaintiff's IFP application (Dkt. 1) should be DENIED and plaintiff should be directed to pay the $405.00 filing fee within 30 days of the date this Report and Recommendation is adopted. If no filing fee is paid, the Clerk should be directed to close the case. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **August 19, 2026** as noted in the caption.

The Clerk is directed to send copies of this Report and Recommendation to Plaintiff and to the Honorable Chief Judge David G. Estudillo.

Dated this 4th day of August, 2026.

Theresa L. Fricke
United States Magistrate Judge